# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES COPELAN,<br><br>      Plaintiff,<br><br> v.<br><br>TECHTRONICS INDUSTRIES CO., LTD., *ET AL.*,<br><br>      Defendants. | Case No. 12-cv-01285-BAS(MDD)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE (ECF NO. 56);**<br><br>**(2) DENYING DEFENDANTS' MOTION TO DISMISS (ECF NO. 41); AND**<br><br>**(3) SETTING PRETRIAL AND TRIAL DATES** |

Presently before the Court is a motion to substitute U.S. Bankruptcy Trustee Richard Kipperman as the real party in interest filed by Plaintiff Charles Copelan ("Plaintiff") and Mr. Kipperman ("Trustee") (ECF No. 56), and a motion to dismiss filed by defendants One World Technology, Inc. and Home Depot U.S.A., Inc. (collectively "Defendants") (ECF No. 41).

Having reviewed the papers submitted and heard oral argument, for the reasons set forth below, this Court **GRANTS** the motion to substitute Mr. Kipperman, and **DENIES** Defendants' motion to dismiss.

///

## I. BACKGROUND

Plaintiff filed this personal injury action in state court on November 7, 2011. (ECF No. 1-2.) On January 11, 2012, Plaintiff filed a Chapter 7 bankruptcy petition. (ECF No. 41-2 at Ex. B; ECF No. 43-3.)[1] On May 25, 2012, this personal injury action was removed to federal court. (ECF No. 1.)

In his bankruptcy petition, under "Statement of Financial Affairs," Plaintiff was asked to "List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case." (ECF No. 41-2 at 31; ECF No. 43-3 at 24.) Plaintiff checked a box indicating "none". (*Id.*) Plaintiff failed to list on the bankruptcy petition that he had filed this personal injury action. On April 10, 2012, the bankruptcy court discharged Plaintiff's debts. (ECF No. 41-2 at p. 20; ECF No. 43-4 at 3.)

During Plaintiff's deposition in this case on September 25, 2013, Plaintiff volunteered that he had previously filed for bankruptcy protection. (ECF No. 43-5.) On April 2, 2014, Plaintiff's counsel filed a motion to reopen Plaintiff's bankruptcy case. (ECF No. 41-2 at 21, 36-42; ECF No. 43-4 at 4; ECF No. 43-6.) On that same date, Plaintiff's counsel notified this court of the bankruptcy case. (ECF No. 36.) On April 22, 2014, the bankruptcy court granted the motion to reopen Plaintiff's bankruptcy case. (ECF No. 43-8.)

Defendants now move to dismiss this action pursuant to Rules 12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that, based on the foregoing, Plaintiff is judicially estopped from maintaining this action. On February 2, 2015, the Court held a hearing on Defendants' motion to dismiss. (ECF No. 55.) At the hearing, the Court gave the Trustee thirty days to join the lawsuit.

---

[1] The parties request that the Court take judicial notice of the bankruptcy filings in *In re Copelan*, Civil Action No. 12-00278-LA7 (Bankr. S.D. Cal. 2012). (ECF Nos. 41-1 at p. 3 n. 2, 41-2 at ¶ 10.) The Court agrees such judicial notice is proper and takes judicial notice of such filings. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2007).

Plaintiff and Trustee now move to substitute the Trustee for Plaintiff in this lawsuit. (ECF No. 56.)

## II. MOTION TO SUBSTITUTE

### A. Legal Standard

Rule 17 of the Federal Rules of Civil Procedure requires that an action "be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Where the action is originally brought by a party other than the real party in interest, Rule 17 provides that a court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). If the real party in interest ratifies, joins, or is substituted, the "action proceeds as if it had been originally commenced by the real party in interest." *Id.*

"When a plaintiff files for bankruptcy after the initiation of [his] suit, the claims become the property of the bankruptcy estate and the trustee of the estate becomes the real party in interest." *Ritz Camera & Image, LLC v. Sandisk Corp.*, No. C 10-02787, 2013 WL 3387817, at *2 (N.D. Cal. July 5, 2013) (citing *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1292 (11th Cir. 2003); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707-09 (9th Cir. 1986)); *see also Turner v. Cook*, 362 F.3d 1219, 1225-26 (9th Cir. 2004); *In re Meehan*, 2014 WL 4801328, at *4-6 (B.A.P. 9th Cir. Sept. 29, 2014) (holding the trustee has exclusive standing to pursue prepetition causes of action that have not been formally abandoned); 11 U.S.C. § 541(a)(1) (bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case"); *In re Chappel*, 189 B.R. 489, 493 (B.A.P. 9th Cir. 1995) ("[T]he scope of § 541(a)(1) is broad, covering all kinds of property, including tangible or intangible causes of action….").

If an interest is transferred, Rule 25(c) of the Federal Rules of Civil

Procedure allows a court, on a motion, to order the transferee to be substituted in the action. Fed. R. Civ. P. 25(c). "Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) (quoting *Collateral Control Corp. v. Deal (In re Covington Grain Co., Inc.)*, 638 F.2d 1362, 1364 (5th Cir. 1981)). Permitting the substitution of a bankruptcy trustee in the place of a debtor is among the transfers of interest that courts have found support substitution under Rule 25(c). *See Ritz Camera & Image, LLC*, 2013 WL 3387817, at *2 (citing *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441–442 (6th Cir. 1988)); *see also In re Countrywide Fin. Corp. Mortg. Mktg. & Sales Practices Litig.*, 601 F. Supp. 2d 1201, 1222 (S.D. Cal. 2009). The decision to grant or deny substitution under Rule 25(c) rests within the sound discretion of the court. *In re Bernal*, 207 F.3d at 598. "A Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997).

**B.  Discussion**

Here, the parties do not dispute that a transfer of interest occurred when Plaintiff filed for bankruptcy, or that the Trustee has become the real party in interest. Rather, Defendants oppose Plaintiff's motion to substitute the Trustee on the grounds their motion to dismiss is still pending and substitution of the Trustee "does not change the fact that this case should be dismissed in its entirety on judicial estoppel grounds." (ECF No. 59 at p. 1.)

The Court finds that substitution is appropriate. The Trustee has decided to pursue this lawsuit on behalf of the creditors and has retained counsel to pursue the action. (ECF No. 56-2 at Ex. A.) Undisputedly, the change is merely formal and does not alter the factual allegations in the lawsuit as to the events or the

participants. *See Advanced Magnetics, Inc.*, 106 F.3d at 20. Moreover, the Trustee receives the causes of action at issue subject to all pre-petition defenses that would have been applicable to Plaintiff if no bankruptcy case had been filed. *See Reed v. City of Arlington*, 650 F.3d 571, 575 (5th Cir. 2011). While the substitution of the Trustee precludes the application of judicial estoppel, as discussed below, the Court notes that "[j]udicial estoppel is an equitable doctrine, and using it to land another blow on the victims of bankruptcy fraud[, which could potentially occur here absent substitution,] is not an equitable application." *Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006). For the foregoing reasons, the Court **GRANTS** the motion to substitute Trustee for Plaintiff in this lawsuit.

### III. MOTION TO DISMISS

#### A. Legal Standard

##### 1. Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for a motion to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). On a facial challenge, all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. *Id.*; *Thornhill Publ'g Co. v. Gen. Tel. Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979).

When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004) (citation omitted). The court need not presume the truthfulness of the plaintiff's allegations under a factual attack. *White v. Lee*, 227

F.3d 1214, 1242 (9th Cir.2000); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). However, in the absence of a full-fledged evidentiary hearing, disputes in the facts pertinent to subject-matter jurisdiction are viewed in the light most favorable to the opposing party. *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir.1996). The disputed facts related to subject-matter jurisdiction should be treated in the same way as one would adjudicate a motion for summary judgment. *Id*.

### 2. Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alteration in original)). A court need

not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the…laws in ways that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (overruled on other grounds by *Galbraith v. Cnty of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002)). "However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc.*, 896 F.2d at 1555, n. 19. Documents specifically identified in the complaint whose authenticity is not questioned by the parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statute on other grounds); *see also Branch*, 14 F.3d at 453-54. Such documents may be considered, so long as they are referenced in the complaint, even if they are not physically attached to the pleading. *Branch*, 14 F.3d at 453-54; *see also Lee*, 250 F.3d at 689 (rule extends to documents upon which the plaintiff's complaint "necessarily relies" but which are not explicitly incorporated in the complaint). Moreover, the court may consider the full text of those documents even when the complaint quotes only selected portions. *Fecht*, 70 F.3d at 1080 n. 1. Additionally, the court may consider materials which are judicially noticeable. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

### 3. Doctrine of Judicial Estoppel

"[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the

prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine,* 532 U.S. 742, 748 (2001) (quotations omitted). This is known as the doctrine of judicial estoppel, in which a party is estopped from asserting a contrary position "to protect the integrity of the judicial process." *Id.*; *see also Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990). The doctrine applies not only to bar inconsistent positions in the same litigation, but also from making incompatible statements in two different cases. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001).

In determining whether to invoke judicial estoppel courts consider the following factors: (1) whether the party's new assertion is "clearly inconsistent" with its earlier position, (2) whether the party was successful in persuading the earlier court to follow his first position (such that the finding of the earlier court would now be incorrect and one court or the other appears to be misled in a finding), and (3) whether the party asserting inconsistent positions would derive an unfair advantage or impose an unfair detriment if not estopped. *New Hampshire,* 532 U.S. at 750. Since this is an equitable doctrine, invoked by the court at its discretion, these factors are not inflexible, and there may be other factors the court should consider. *Id.* However, the Ninth Circuit "has restricted the application of judicial estoppel to cases where the court relied on, or 'accepted,' the party's previous inconsistent position." *Hamilton*, 270 F.3d at 783 (citation omitted).

It is well established, "[i]n the bankruptcy context, [that] a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements" and "that a discharge of debt by a bankruptcy court, under [certain] circumstances, is sufficient acceptance to provide a basis for judicial estoppel, even if the discharge is later vacated." *Hamilton,* 270 F.3d at 783-84 (citing *Hay v. First Interstate Bank of Kalispell, N.A.,* 978 F.2d 555, 557 (9th Cir. 1992); *In re Coastal Plains*, 179 F.3d 197, 208 (5th Cir. 1999), cert. denied 528 U.S. 1117 (2000); *Payless Wholesale*

*Distribs., Inc. v. Albert Culver (P.R.) Inc.,* 989 F.2d 570 572 (1st Cir.), cert. denied 510 U.S. 931 (1993); *Oneida Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414, 419 (3d Cir.), cert. denied 488 U.S. 967 (1988)). This protects the integrity of the bankruptcy process. *Id*. at 785.

In *Ah Quin v. County of Kauai Dept. of Transp.,* 733 F.3d 267 (9th Cir. 2013), the plaintiff failed to disclose the lawsuit in his bankruptcy proceeding, and the debt was discharged. *Id*. at 269. The plaintiff's lawyer in the district court case – a different lawyer than the one representing plaintiff in the bankruptcy case – became aware of the misrepresentation in the bankruptcy proceeding and alerted the defense counsel. *Id*. Plaintiff then moved to reopen the bankruptcy and set aside the discharge, filing declarations saying the misrepresentation was inadvertent. *Id*. at 270. The bankruptcy was reopened, schedules were amended to include the pending case. *Id*. The bankruptcy trustee filed a report that abandoned the trustee's interest in the pending action, and no unsecured creditors objected. *Id*.

In vacating a motion for summary judgment in favor of the defendant for failure to apply the proper legal standard, the Ninth Circuit ruled:

> In these circumstances, rather than applying a presumption of deceit, judicial estoppel requires an inquiry into whether the plaintiff's bankruptcy filing was, in fact, inadvertent or mistaken, as those terms are commonly understood. Courts must determine whether the omission occurred by accident or was made without intent to conceal. The relevant inquiry is not limited to the plaintiff's knowledge of the pending claim and the universal motive to conceal a potential asset— though those are certainly factors. The relevant inquiry is, more broadly, the plaintiff's subjective intent when filling out and signing the bankruptcy schedules.

*Id*. at 276-77. In interpreting the facts in the light most favorable to the plaintiff, the Ninth Circuit found factual support for a conclusion either of mistake and inadvertence, or of deceit. *Id*. at 277. Key factors in the *Ah Quin* case included that fact that plaintiff had reopened her bankruptcy proceedings and filed amended bankruptcy schedules, that plaintiff claimed inadvertence and/or mistake, and that

the amended bankruptcy filing was done at the behest of the plaintiff, not because her omission had been challenged by an adversary. *Id.* at 272-73.

However, several California district courts have held that "[j]udicial estoppel does not apply to a bankruptcy trustee when the debtor's conduct occurred after the bankruptcy petition was filed." *Coble v. DeRosia,* 823 F.Supp.2d 1048, 1052 (E.D. Cal. 2011); *see also Lupian v. Cent. Valley Residential Builders, L.P.*, No. 10cv2270, 2014 WL 465445, at *5-8 (S.D. Cal. Feb. 5, 2014); *Yoshimoto v. O'Reilly Automotive, Inc.*, No. C 10-05438, 2011 WL 2197697, at *5 (N.D. Cal. June 6, 2011) (acknowledging *Coble* but distinguishing case on grounds plaintiff was still real party in interest). The district courts in *Coble* and *Lupian* rely on several circuit court decisions including *Parker v. Wendy's Int'l Inc.,* 365 F.3d 1268 (11th Cir. 2004) and *Biesek*. *See also In re Riazuddin*, 363 B.R. 177, 187-88 (B.A.P. 10th Cir. 2007) ("Even if the bankruptcy court had been correct in finding that the elements of judicial estoppel were met with respect to the Debtors, there was no basis to apply the doctrine to the Trustee."); *Reed*, 650 F.3d at 579.

In *Parker*, the plaintiff filed a complaint in district court alleging racial discrimination. *Parker*, 365 F.3d at 1269. Two years later, as the case was proceeding to trial, the plaintiff and her former husband filed a Chapter 7 bankruptcy petition and did not list the discrimination court action in the petition. *Id*. at 1269-70. Approximately four months after the petition was filed, the bankruptcy court entered an order granting a "no asset" discharge for the plaintiff and her former husband. *Id*. at 1270. The plaintiff's attorney subsequently requested a trial continuance in district court, contending that the plaintiff had inadvertently failed to disclose the existence of her discrimination case to the bankruptcy trustee, who needed to be advised of the case in order to reopen the bankruptcy case. *Id*. Upon being informed of the mistake, the trustee moved and was granted permission to reopen the bankruptcy case, and moved to intervene or be substituted into the discrimination case. *Id*. The district court granted the

trustee's motion to intervene. *Id*. The defendant in the discrimination case thereafter filed a motion to dismiss arguing that the plaintiff's claims were barred by the doctrine of judicial estoppel because she had failed to disclose the existence of her discrimination suit to the bankruptcy court. *Id*. The district court granted the motion to dismiss, but the Eleventh Circuit reversed, holding that judicial estoppel does not apply to a bankruptcy trustee when the debtor takes inconsistent positions in bankruptcy court and district court. *Id*. at 1270-72.

In so holding, the Eleventh Circuit relied on the general principles that "a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it," and "[f]ailure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate." *Id*. at 1272 (citations omitted). Based on these principles, the court held:

> In this case, [the plaintiff's] discrimination claim became an asset of the bankruptcy estate when she filed her petition. [The trustee] then became the real party in interest in [the plaintiff's] discrimination suit. He has never abandoned [the plaintiff's] discrimination claim and he never took an inconsistent position under oath with regard to this claim. Thus, [the trustee] cannot now be judicially estopped from pursuing it.

*Id*. The Seventh Circuit in *Biesek* similarly indicated that pre-bankruptcy claims belong to the trustee for the benefit of creditors, and it is only necessary for a court to consider judicial estoppel if the trustee abandons the claim and the plaintiff who failed to disclose the action in bankruptcy court pursues the suit in his or her own name. *Biesek*, 440 F.3d at 413.

On rehearing en banc, the Fifth Circuit also squarely considered the issue in *Reed v. City of Arlington*, 650 F.3d 571 (5th Cir. 2011). The precise question before the court was "whether judicial estoppel bars a blameless bankruptcy trustee from pursuing a judgment that the debtor—having concealed the judgment during bankruptcy—is himself estopped from pursuing." *Id*. at 572. In *Reed*, the trustee, upon learning the debtor failed to disclose a pending lawsuit, reopened the

1 bankruptcy case and substituted herself in the litigation as the real party in interest.
2 *Id*. at 573. The defendant in the pending lawsuit sought to judicially estop the
3 plaintiff from collecting the judgment in the case. *Id*.

4       The Fifth Circuit held that, as a general rule, "an innocent bankruptcy trustee
5 may pursue for the benefit of creditors a judgment or cause of action that the
6 debtor—having concealed that asset during bankruptcy—is himself estopped from
7 pursuing," and refused to apply judicial estoppel against the substituted trustee. *Id*.
8 at 579. The court relied on the general principles that "[t]he Trustee became the
9 real party in interest upon filing [of the petition], vested with the authority and duty
10 to pursue the judgment against the City as an asset of the bankruptcy estate. . . .
11 [and] [t]his duty was not affected by [the plaintiff's] failure to disclose the asset,
12 and it was not extinguished by the conclusion of the bankruptcy case." *Id*. at 575.
13 The court also considered that "the general principle that a trustee receives causes
14 of action subject to defenses that could have been raised against the debtor 'has
15 been properly limited to pre-petition defenses to a cause of action that would have
16 been applicable to a debtor if no bankruptcy case had been filed.'" *Id*. (citation
17 omitted).

18       The Court is not aware of a case in which the Ninth Circuit has squarely
19 addressed this issue. *But see In re Cheng*, 308 B.R. 448, 454-55 (B.A.P. 9th Cir.
20 2004) ("[I]t would be extraordinary for the trustee in the garden-variety bankruptcy
21 to be estopped on account of something the debtor did for its own account during
22 the case."). However, it is notable that in *Ah Quin,* the bankruptcy trustee
23 abandoned the trustee's interest in the pending discrimination action, and therefore
24 the action was being pursued by the debtor. *See Ah Quin,* 733 F.3d at 270. As the
25 dissent pointed out, "unlike a typical case where the creditors would stand to benefit
26 from allowing the lawsuit to proceed, here the trustee has abandoned the creditors'
27 interest in Ah Quin's suit, so Ah Quin stands to benefit personally from her lie if
28 her claim is not estopped." *Id*. at 281; *see also In re Lopez*, 283 B.R. 22, 33 n. 16

(B.A.P. 9th Cir. 2002) ("If it is abandoned to the debtor, the debtor thenceforth owns the cause of action and must be prepared to deal with all defenses, including estoppel.").

## B. Discussion

The doctrine of judicial estoppel is an affirmative defense and does not apply to subject-matter jurisdiction. *Coble*, 823 F.Supp.2d at 1050; *see also Ins. Corp. of Ireland, Ltd. v. Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1137 (9th Cir. 2012); *Zidell Marine Corp. v. Beneficial Fire & Cas. Ins. Co.*, No. C03-5131 RBL, 2003 WL 27176596, at *1 n. 6 (W.D. Wash. Dec. 4, 2003); *Zyla v. Am. Red Cross Blood Servs.*, 2014 WL 3868235 at * 7 (N.D. Cal. Aug. 6, 2014) (noting "judicial estoppel is an affirmative defense"). Subject-matter jurisdiction, which refers to a tribunal's power to hear a case, is a matter that can never be forfeited or waived. *See Hill v. Potter*, No. CV 06-7051, 2010 WL 4450405, at *5 (citing *Adkinson v. Comm'r of Internal Revenue*, 592 F.3d 1050, 1055 (9th Cir. 2010) (internal quotations omitted)). Therefore, the Court will only consider Defendants' judicial estoppel argument under Rule 12(b)(6). *Coble*, 823 F.Supp.2d at 1050 (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).[2]

Plaintiff argues the Court must convert the present Rule 12(b)(6) motion to dismiss into a motion for summary judgment because, in ruling on the motion, the

---

[2] Defendants cite *Dzakula v. McHugh*, 737 F.3d 633 (9th Cir. 2013) for the proposition that a Rule 12(b)(1) motion may be based on judicial estoppel. However, the defendants in *Dzakula* also moved to dismiss under Rule 12(b)(6) and the district court did not address whether it granted the motion under Rule 12(b)(1) or 12(b)(6) and, in affirming the decision, the Ninth Circuit did not mention subject-matter jurisdiction. *Id.*; *see also Dzakula v. McHugh*, No. C 10-05462 PSG, 2011 WL 1807241 (N.D. Cal. Apr. 22, 2011). Therefore, the Court does not consider *Dzakula* to stand for the proposition a party may move for lack of subject-matter jurisdiction on judicial estoppel grounds. To the extent Defendants are moving to dismiss for lack of standing under Rule 12(b)(1), that argument is moot with the substitution of the Trustee as plaintiff. (*See* ECF No. 41-1 at pp. 3-4, n. 3.)

Court will need to consider evidence outside the pleadings and judicially noticeable documents and inquire into the subjective intent of Plaintiff. *See Suckow Borax Mines Consol. v. Borax Consol.*, 185 F.2d 196, 205 (9th Cir. 1950). Defendants disagree, citing *Dzakula v. McHugh*, 746 F.3d 399 (9th Cir. 2014), in which the Ninth Circuit held the district court did not abuse its discretion in dismissing the plaintiff's complaint on the grounds of judicial estoppel. *Id*. at 402.

The Court finds *Dzakula* distinguishable, as the district court in *Dzakula* did not need to consider evidence outside the pleadings or judicially noticeable documents, considering the plaintiff did not file a declaration, but instead was silent on whether omission of the pending action from the schedules was inadvertent or intentional. *Id*. at 401. However, the Court need not consider evidence outside the pleadings or judicially noticeable documents to decide this motion to dismiss. The Trustee has been substituted into this case as the plaintiff. The Court agrees with the reasoning of *Coble*, *Lupian*, *Parker*, *Biesek*, *In re Cheng,* and *Reed* and finds that the Trustee cannot be judicially estopped from pursuing this suit on behalf of the creditors. Accordingly, Defendants' motion to dismiss is **DENIED**.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **ORDERS** as follows:

1. The motion to substitute filed by Plaintiff and Trustee (ECF No. 56) is **GRANTED**. Accordingly, Richard Kipperman, U.S. Bankruptcy Trustee, is hereby **SUBSTITUTED** for Charles Copelan as plaintiff in this matter.

2. Defendants' motion to dismiss (ECF No. 41) is **DENIED**.

The Court further **ORDERS**:

1. A Mandatory Settlement Conference shall be conducted before Magistrate Judge Dembin upon the joint request of the parties.

2. A hearing on all previously filed *Daubert* motions (ECF Nos. 28, 29, 30) is scheduled for April 21, 2015 at 10:00 a.m. in Courtroom 4B.

3. The parties must comply with the pretrial disclosure requirements of

Fed. R. Civ. P. 26(a)(3) no later than <u>May 25, 2015</u>.  Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

4. Parties or their counsel shall serve on each other and file with the Clerk of the Court their Memoranda of Contentions of Fact and Law in compliance with Local Rule 16.1(f)(2) on or before <u>May 25, 2015</u>.

5. Counsel shall confer and take the action required by Local Rule 16.1(f)(4)(a) on or before <u>June 1, 2015</u>.

6. Counsel for the Plaintiff(s) must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1(f)(6)(a) on or before <u>June 8, 2015</u>.

7. Written objections, if any, to any party's Fed. R. Civ. P. 26(a)(3) pretrial disclosures shall be filed and served on or before <u>June 8, 2015</u>.  Please be advised that the failure to file written objections to a party's pretrial disclosures may result in the waiver of such objections, with the exception of those made pursuant to Rules 402 (relevance) and 403 (prejudice, confusion or waste of time) of the Federal Rules of Evidence.

8. The proposed pretrial order shall be lodged with the district judge's chambers on or before <u>June 15, 2015</u> and shall be in the form prescribed in Local Rule 16.1(f)(6)(c).

9. The final pretrial conference is scheduled for <u>Monday, June 29, 2015</u> at <u>11:00 a.m.</u> in <u>Courtroom 4B</u>.

10. All motions *in limine* are due no later than <u>July 13, 2015</u>.

11. All responses to the motions *in limine* are due no later than <u>July 27, 2015</u>.

12. The parties shall submit the following electronically in Word or Word Perfect format no later than <u>July 27, 2015</u>: (1) joint proposed jury instructions; (2)

1 proposed verdict form; (3) *voir dire* questions; and (4) statement of the case.

2   13.   The parties shall exchange final exhibit and witness lists no later than
3 August 18, 2015.

4   14.   A hearing for the motions *in limine* is scheduled for Monday, August
5 10, 2015 at 11:00 a.m. in Courtroom 4B.

6   15.   The trial in this matter shall commence on Tuesday, August 25, 2015
7 at 9:00 a.m. in Courtroom 4B.

8   16.   The dates and times set forth herein will not be modified except for
9 good cause shown.

10   **IT IS SO ORDERED.**

12 **DATED:  March 27, 2015**

Hon. Cynthia Bashant
United States District Judge