# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES COPELAN,<br><br>       Plaintiff,<br><br> v.<br><br>TECHTRONICS INDUSTRIES, CO., LTD., *ET AL.*<br><br>       Defendants. | Case No. 12-cv-01285-BAS(MDD)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' MOTION TO PRECLUDE TESTIMONY OF DR. GASS (ECF NO. 28);**<br><br>**(2) DENYING DEFENDANTS' MOTION TO PRECLUDE TESTIMONY OF DARRY ROBERT HOLT (ECF NO. 29); AND**<br><br>**(3) DENYING DEFENDANTS' MOTION TO PRECLUDE TESTIMONY OF KELLY MEHLER (ECF NO. 30)** |

   Pending before the Court are motions filed by defendants One World Technologies, Inc. and Home Depot U.S.A., Inc. (collectively "Defendants") to preclude the testimony of Plaintiff's non-retained expert Dr. Stephen F. Gass, and retained experts Darry Robert Holt and Kelly Mehler. (ECF Nos. 28, 29, 30.) Plaintiff filed oppositions to the motions. The Court held a hearing on the motions on April 21, 2015.

For the reasons set forth below, the Court (1) **GRANTS** Defendants' motion to preclude the testimony of Dr. Stephen Gass (ECF No. 28); (2) **DENIES** Defendants' motion to preclude the testimony of Darry Robert Holt (ECF No. 29); and (3) **DENIES** Defendants' motion to preclude the testimony of Kelly Mehler (ECF No. 30).

I. BACKGROUND

On November 7, 2011, Charles Copelan ("Copelan") commenced this personal injury action in San Diego County Superior Court. On January 25, 2012, Copelan filed an amended complaint in San Diego Superior Court alleging, among other things, negligence and strict liability for design defects. The action was removed to federal court on May 25, 2012. (ECF No. 1.)

This action stems from an incident that occurred on December 21, 2009, when Copelan used a Ryobi Portable Table Saw Model BTS16 ("Ryobi Saw") to cut a piece of bamboo flooring. (ECF No. 28 at 2.) The Ryobi Saw failed to function, causing injury to Copelan's left, non-dominant hand. (*Id.*; ECF No. 1.)

The Ryobi Saw is a small, benchtop saw designed, manufactured, and sold by Defendants. (*Id.*) It weighs less than 60 lbs. and sells for less than $200. (*Id.*) The Ryobi Saw purchased by Copelan came equipped with a splitter/mounted guard consisting of three pieces – a splitter (a piece of metal sitting behind the blade), a hood guard which is attached to the splitter, and anti-kickback pawls which are also attached to the splitter. (*Id.*) The supplied blade guard had been removed at some point prior to Copelan's accident. (*Id.* at 2-3; ECF No. 34 at 9.)

Copelan alleges the Ryobi Saw that caused his injuries was defective. Central to Plaintiff's case is the contention that the Ryobi Saw was defectively designed because it did not include a flesh detection braking technology referred to as "SawStop," which was invented by Dr. Stephen Gass. (ECF No. 28 at 3; ECF No. 28-2 at 12; ECF No. 34 at 11.) SawStop "is a contact detection system that works by recognizing differences between the electrical properties of wood and a

1 person. The system generates an electrical signal onto the blade, and then monitors
2 that signal for changes caused by contact with a person's body. When the system
3 detects contact with a person's body it releases a block of aluminum or plastic into
4 the teeth of the saw blade to stop the blade from spinning." (ECF No. 28 at 3; *see*
5 *also* ECF No. 28-2 at 13, ¶¶ 3-6.)

6 On March 27, 2015, the Court granted United States Trustee Richard
7 Kipperman's motion to substitute into this case as the plaintiff. Therefore, the
8 action is currently being pursued by Mr. Kipperman (hereinafter referred to as
9 "Plaintiff").

10 On January 10, 2014, Copelan served his Federal Rule of Civil Procedure
11 26(a)(2) disclosures designating Robert Holt and Kelly Mehler as retained experts,
12 and Dr. Stephen Gass as a non-retained expert. (*See* ECF No. 28-2 at 22-25.)
13 Defendants now move to preclude the testimony of Plaintiff's experts. (ECF Nos.
14 28, 29, 30.)

## II. LEGAL STANDARD

16 Rule 702 of the Federal Rules of Evidence governs the admissibility of expert
17 testimony. *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir.
18 2014). Rule 702 provides that a witness "qualified as an expert by knowledge, skill,
19 experience, training, or education may testify in the form of an opinion or otherwise
20 if":

21     (a)    the expert's scientific, technical, or other specialized knowledge
22               will help the trier of fact to understand the evidence or to
              determine a fact in issue;

23     (b)    the testimony is based on sufficient facts or data;

24     (c)    the testimony is the product of reliable principles and methods;
25               and

26     (d)    the expert has reliably applied the principles and methods to the
              facts of the case.

27
28 Fed. R. Evid. 702. Under Rule 702, expert testimony must be both relevant and

1 reliable. *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 462 (9th Cir. 2014). Relevancy simply requires that "[t]he evidence . . . logically advance a material aspect of the party's case." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007). Reliability requires that an expert's testimony "have a reliable basis in the knowledge and experience of his discipline." *Estate of Barabin*, 740 F.3d at 462 (quoting *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 148 (1999)).

The courts are not concerned with the "correctness of the expert's conclusions but the soundness of his [or her] methodology." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F. 3d 1311, 1318 (9th Cir. 1995)); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011) (A court is not required "to admit or to exclude evidence based on its persuasiveness;" but rather "to admit or exclude evidence based on its scientific reliability and relevance."). "For scientific opinion, the court must assess the reasoning or methodology, using as appropriate such criteria as testability, publication in peer reviewed literature, and general acceptance, but the inquiry is a flexible one." *Primiano*, 598 F.3d at 564. "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Id.*; *see also Daubert v. Merrell Dow Pharmaceuticals. Inc.*, 509 U.S. 579, 595-96 (1993).

The duty falls upon the district court to act "in a gatekeeping role, to assess whether the reasoning or methodology underlying the testimony is valid and whether that reasoning or methodology properly can be applied to the facts in issue." *Ollier*, 768 F.3d at 860 (quoting *Daubert*, 509 U.S. at 592-93) (internal quotation marks omitted); *see also Ellis*, 657 F.3d at 982 ("[T]he trial court must act as a "gatekeeper" to exclude junk science that does not meet Federal Rule of Evidence 702's reliability standards by making a preliminary determination that the expert's testimony is reliable."). The party seeking to offer the testimony bears the burden of establishing its admissibility. *In re ConAgra Foods, Inc.*, 302 F.R.D.

537, 549 (C.D. Cal. 2014) (citations omitted).

## III. DISCUSSION

### A. Dr. Stephen Gass

Defendants seek to preclude the expert testimony of Plaintiff's non-retained expert, Dr. Stephen Gass. (ECF No. 28.) At the hearing on Defendants' motions, Plaintiff's counsel represented that, at this point in time, Plaintiff does not expect Dr. Gass will testify at trial in this matter. (*See also* ECF No. 63.) Because the issue is presently moot, the Court **GRANTS** Defendants' motion to preclude the testimony of Dr. Gass. However, the Court's ruling does not preclude the parties from raising the issue again if Plaintiff later decides to call Dr. Gass.

### B. Robert Darry Holt

Defendants seek to preclude the expert testimony of Robert Darry Holt on the grounds Mr. Holt's "proposed testimony is speculative, irrelevant, and unreliable given the particular facts of this case." (ECF No. 29 at 1.) Specifically, Defendants seek to preclude the expert testimony of Mr. Holt for the following reasons:

First, Defendants contend Mr. Holt's opinion that the Ryobi Saw "is unsafe because it lacks a riving knife independent of the guard" should be excluded because Mr. Holt "can only speculate that the lack of an independent riving knife played any role in [Copelan's] accident." (*Id*. at 4.) Therefore, Mr. Holt's testimony on this point is not likely to assist the jury. (*Id*.)

Second, Defendants contend Mr. Holt's opinion the Ryobi Saw is defective because the included guard is not user-friendly is irrelevant because "it is undisputed that the supplied guard had been removed prior to [Copelan] using the saw" and Mr. Holt "concedes that the supplied blade guard could have been used for the work he was performing." (*Id*. at 5.)[1]

---

[1] Plaintiff disputes the characterization of this proposed testimony, which is set forth at ECF No. 29-2 at 10. (*See* ECF No. 34 at 9-10.) Plaintiff contends Mr. Holt will opine that the absence of the guard was a product of the

Third, Defendants contend Mr. Holt's testimony that the injury to Copelan, more probably than not, would have been less severe using a saw with SawStop technology than the injuries Copelan actually sustained, lacks foundation and is pure speculation because "the testimony regarding the circumstances of [Copelan's] accident is 'imperfect'" and Mr. Holt does not know the angle or speed Copelan's hand approached the blade at the time of his accident. (*Id*. at 6.) Because Mr. Holt lacks this information, Defendants contend his testimony on the topic is irrelevant.

Lastly, Defendants contend Mr. Holt is not qualified to opine that the Ryobi Saw is defective for lack of adequate warnings, and moreover, "there is no evidence the lack of any warnings caused or contributed to [Copelan's] accident." (*Id*. at 6-7.)

As an initial matter, during the hearing on this matter, Plaintiff's counsel confirmed Mr. Holt will not be testifying regarding warnings or the economic feasibility of incorporating SawStop (or any other flesh detection technology) on the Ryobi Saw at issue. (*See* ECF No. 34 at 12.) Mr. Holt is therefore precluded from testifying on these matters.

The parties do not dispute that Mr. Holt is qualified "by knowledge, skill, experience, training, or education" to opine on the remaining issues, and the Court agrees. Mr. Holt is a "mechanical engineer and a licensed professional engineer with approximately ten years['] experience in industry in a variety of production, maintenance and manufacturing and process development engineering positions, and approximately 39 years['] experience as a consulting engineer evaluating the safety design and condition of hundreds of machines and products of all types, including table saws." (*See* ECF No. 29-2 at 8.) In the course of his work, Mr. Holt has tested and examined all kinds of table saws and is familiar with the Ryobi Saw. (ECF Nos. 34 at 2; 34-3 at 6.) In addition, Mr. Holt has developed a

---

defective design. (*Id*. at 9.)

mechanism for incorporating a riving knife onto a standard table saw and has run tests on saws equipped with SawStop technology and analyzed SawStop prototypes to gauge the technology's efficacy. (*Id.*; ECF No. 34-3 at 6) Moreover, other courts have found Mr. Holt qualified "to opine regarding the mechanics of the [Ryobi Saw's] blade-guarding system and the risk-hazard analysis that is a standard feature of the product design process." (*Id.* at 2-3; ECF No. 34-3 at 7.)

Rather than disputing Mr. Holt's qualifications, Defendants dispute whether Mr. Holt's opinions are relevant and reliable. Based on the papers submitted, arguments heard on the motions, and offers of proof, the Court finds Mr. Holt's proposed testimony on the issues raised by Defendants to be relevant to this case. The proposed testimony logically advances material aspects of Plaintiff's case. *See Cooper*, 510 F.3d at 942; Fed. R. Evid. 702(a). In addition, the Court finds Plaintiff has demonstrated Mr. Holt's testimony is based on sufficient facts or data, is the product of reliable principles and methods, and Mr. Holt has reliably applied his principles and methods to the facts of this case. *See* Fed. R. Evid. 702(b)-(d).

To the extent Defendants disagree with Mr. Holt's conclusions or factual assumptions, Defendants may properly attack Mr. Holt's testimony by cross examination and contrary evidence. *See Primiano*, 598 F.3d at 564; *Daubert*, 509 U.S. at 595-96. Whether Mr. Holt's conclusions or factual assumptions should be accepted are issues bearing on the weight of his testimony, rather than on its admissibility. *See Bergen v. F/V St. Patrick*, 816 F.2d 1345, 1352 n. 5 (9th Cir. 1987) ("The weakness in the underpinnings of [expert] opinions may be developed upon cross-examination," as "such weakness goes to the weight and credibility of the testimony" as opposed to its admissibility. (citations omitted)); *In re Toyota Motor Corp. Hybrid Brake Mktg., Sales Practices and Prods. Liab. Litig.*, No., MDL 10-02172, 2012 WL 4904412, at *3 (C.D. Cal. Sept. 20, 2012) (finding whether an expert's reasonable assumptions are true and whether his opinions should be accepted are issues going to the weight of his testimony and report and

not to their admissibility); *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 801 (6th Cir. 2000) ("[An] expert's conclusions regarding causation must have a basis in established fact and cannot be premised on mere suppositions. An expert's opinion, where based on assumed facts, must find some support for those assumptions in the record. However, mere weaknesses in the factual basis of an expert witness' opinion bear on the weight of the evidence rather than on its admissibility." (internal citations, quotation marks, and alternations omitted)).

For the foregoing reasons, Defendants' motion to preclude Mr. Holt's testimony (ECF No. 29) is **DENIED**.

### C. Kelly Mehler

Defendants seek to preclude the expert testimony of Kelly Mehler on the grounds Mr. Mehler is not qualified to offer expert opinions that would assist the jury. (ECF No. 30 at 1.) Specifically, Defendants argue Mr. Mehler is not an engineering or design expert and therefore he cannot opine that the Ryobi Saw is defectively designed because "(1) the blade guard is insufficient to protect the user, (2) the rip fence is defective, and (3) the [Ryobi Saw] does not include flesh-detection technology." (*See id.* at 2; *see also* ECF No. 33-7 at ¶ 6.) Defendants further argue Mr. Mehler's proposed testimony is unreliable because it is not supported by any accepted engineering methodology. (*Id.*)

At the hearing on Defendants' motions, Plaintiff stated Mr. Mehler will not be testifying regarding flesh detection technology and withdrew Mr. Mehler's proposed testimony on that issue. (*See also* ECF No. 33 at 8.) Mr. Mehler is therefore precluded from testifying regarding any flesh detection technology, including SawStop.

Concerning Mr. Mehler's qualifications, Defendants argue Mr. Mehler is nothing more than a talented woodworker and user of the table saws, and therefore is not qualified to testify about the design of the blade guard and the rip fence. The Court disagrees. Mr. Mehler majored in Industrial Arts Education at Berea College

1  and founded a custom furniture shop in 1978, where he designed and made
2  furniture for individuals until 2004. (ECF No. 33-7 at ¶ 2.) Between 1995 and
3  2007, Mr. Mehler spent an increasing amount of time teaching and writing about
4  woodworking, primarily table saw safety. (*Id*.) He has taught table saw workshops
5  for employees and staff of Black & Decker and Delta, as well as taught numerous
6  table saw safety seminars at trade shows and schools, and for manufacturers,
7  schools, guilds, and staff members of woodworking publications. (*Id*. at ¶¶ 2-4.) In
8  his safety demonstrations, Mr. Mehler focuses on kickback and blade guarding.
9  (*Id*. at ¶ 5.) In 2004, Mr. Mehler opened a woodworking school in Kentucky, in
10 which he incorporates table saw safety in his classes. (*Id*. at ¶¶ 2-3.)

11 Mr. Mehler has also written magazine articles on various aspects of table
12 saws, including articles on kickbacks, blade covers, and table saw safety issues, and
13 authored books and produced videos on table saws. (*Id*. at ¶ 3; *see also* ECF No.
14 30-2 at 17-18.) In addition, beginning in 2001, Mr. Mehler served on the ad-hoc
15 working group at Underwriters Laboratory and the Standards Technical Panel for
16 improving blade guarding on table saws, and consulted with Black and Decker
17 Company on the development of the Dewalt 744 and 746 table saws. (*Id*. at ¶ 3.)
18 Mr. Mehler is very familiar with nearly all table saws manufactured in the United
19 States, as well as European-manufactured models sold in this country, and has
20 served as a consultant in dozens of table saw personal injury lawsuits. (*Id*.; *see also*
21 ECF No. 30-2 at 19-21.)

22 Rule 702 provides that a witness may be "qualified as an expert by
23 knowledge, skill, experience, training, or education." Fed. R. Evid. 702. While Mr.
24 Mehler does not have a safety design or engineering degree, based on the foregoing,
25 the Court finds his knowledge, skill, experience, and training qualify him as an
26 expert to testify to the following: (1) the blade guard was of defective design and
27 therefore insufficient to protect the user; and (2) the rip fence is defective, as it does
28 not consistently lock parallel to the saw blade, increasing the likelihood of a

dangerous kickback event. (*See* ECF No. 33-7 at 4, ¶ 6; ECF No. 30-2 at 8.)

Defendants also argue Mr. Mehler's proposed testimony is unreliable because it is not supported by any accepted engineering methodology. (ECF No. 30 at 7-8.)[2] Mr. Mehler explains the basis for his opinions in his report. (*See* ECF No. 30-2 at 9-14.) His opinions are based on a reconstruction and review of the facts of this case, and his extensive use and study of table saws with the Ryobi Saw guard design, interaction with users, and long history and experience in the industry. (*Id.*; *see also* ECF No. 33-8 at 8-9.) The Court finds this basis sufficiently reliable under Rule 702. Mr. Mehler's proposed testimony has "a reliable basis in the knowledge and experience of his discipline." *See Estate of Barabin*, 740 F.3d at 462; *see also United States v. Hankey*, 203 F. 3d 1160, 1169 (9th Cir. 2000) (citing *Kumho Tire Co., Ltd.*, 526 U.S. at 150) ("The *Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable to this kind of testimony . . . whose reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it.") As previously noted, whether an expert's conclusions or factual assumptions should be accepted are issues that bear on the weight of the testimony, rather than on its admissibility, and may be attacked by cross examination and contrary evidence. *See Primiano*, 598 F.3d at 564; *Daubert*, 509 U.S. at 595-96; *Bergen*, 816 F.2d at 1352 n. 5.

For the foregoing reasons, Defendants' motion to preclude Mr. Mehler's testimony (ECF No. 30) is **DENIED**.

///

///

///

---

[2] At the hearing on the motions, Defendants stated they do not object to Mr. Mehler being offered to explain to the jury how a table saw works and the basic safety features of table saws.

**IV. CONCLUSION & ORDER**

Based on the foregoing, the Court (1) **GRANTS** Defendants' motion to preclude the testimony of Dr. Gass (ECF No. 28); (2) **DENIES** Defendants' motion to preclude the testimony of Mr. Holt (ECF No. 29); and (3) **DENIES** Defendants' motion to preclude the testimony of Mr. Mehler (ECF No. 30).

**IT IS SO ORDERED.**

DATED: April 24, 2015

Hon. Cynthia Bashant
United States District Judge